WILLIAM HUTCHINSON *vs.* WALTER L. CLARKE, City Treasurer.

PROVIDENCE—JULY 26, 1904.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ .

(1) *Questions of Law and Fact. Negligence.*

To warrant the court in directing a verdict it must appear so clearly that the court can say as matter of law either that defendant was not negligent or that plaintiff was guilty of contributory negligence.

(2) *Notice of Defect in Highway.*

Where an accident arising through a defect in a highway is caused by reason of the failure of the municipality to properly perform work which it was doing upon said highway, it is not entitled to notice of such defect.

TRESPASS ON THE CASE for negligence. Heard on petition of plaintiff for new trial, and granted.

TILLINGHAST, J. We think this case should have been submitted to the jury.

(1)    Whether the highway in question was reasonably safe and convenient for travelers, under the statute, at the point where the accident happened, was not a question of law for the trial court to pass upon under the evidence submitted, but was a question of fact for the jury. *Boss* v. *Ry. Co.*, 15 R. I. 149;

*McCloskey* v. *Moies*, 19 R. I. 297; *Sauthof* v. *Granger*, *ib.* 606; *Clarke* v. *Electric Lighting Co.*, 16 R. I. 463, at pp. 465-6. To have warranted the court in directing a verdict for the defendant it must have clearly appeared, so clearly that the court could say as matter of law, either that the defendant was not negligent, or that the plaintiff was guilty of negligence which contributed to the accident. *Elliott* v. *Newport Street Railway Co.*, 18 R. I. 710. And we do not think that either of these propositions was sufficiently clear to warrant the court in taking such action.

It appeared in evidence that a sewer had recently been constructed in said highway by the city, and considerable evidence was offered tending to show that two of the wheels of the wagon on which the plaintiff was riding suddenly sank into the ground to a depth of two or three feet at a point immediately over where some part of the sewer trench had been dug, one witness testifying that it was at the place where the sheathing used in the construction of said sewer had been pulled out.

In view of such testimony we can not say that the jury would not have been warranted in finding that said sewer was not properly constructed, notwithstanding the evidence offered by the defendant to the contrary. In other words, the jury would not necessarily have been concluded in their finding in this case from the mere fact that the defendant offered evidence that said sewer was constructed in the ordinary way, and that it was properly constructed, even though no direct evidence was offered by the plaintiff that it was not so constructed. For they might have found that such an accident as the one in question could not have happened if the sewer had been properly constructed, and the work of refilling the trench had been properly done (*Seamons* v. *Fitts*, 21 R. I. 237); or, to state it differently, which was the broad question involved, if said highway had been safe and convenient for travelers. And the plaintiff had the right to the judgment of the jury upon these questions.

(2)     As to the question of notice of the defect, which is raised by counsel for the defendant, it is sufficient to say that if the accident was caused, as there is evidence that it was, by the fail-

ure of the city to properly refill said sewer trench, the city was not entitled to any notice of such defect. *Seamons* v. *Fitts, supra; Brooks* v. *Somerville,* 106 Mass. at p. 274; *Wilson* v. *City of Troy,* 135 N. Y. 96.

DOUGLAS, J. (concurring). There was conflicting evidence as to where the wagon was mired. The plaintiff and his witnesses say the wheels sank into the ground on the place where the sewer was located. In that case the defendant would be liable if the insecurity of the ground was caused by imperfect filling, which was work done by the city. The jury might believe this to be the fact, notwithstanding the evidence of the workmen and inspectors that the trench was properly filled.

Some of the defendant's witnesses testified that the place where the wagon was mired was outside the line of the filling, and on a part of the roadway which had not been disturbed in building the sewer. If this was the fact, the softening must have occurred from the effect of the rain on the frosty ground; and as this was so recent that notice of the defect could not be imputed to the city, the defendant would not be liable. I think, therefore, the case should have been left to the jury.

The plaintiff's petition for a new trial is granted.

*Dexter B. Potter,* for plaintiff.

*Francis Colwell and Albert A. Baker,* for defendant.